## AIREY *v.* WEINSTEIN.

*Decided April 25, 1891.*

*Landlord's lien—Advances to make crop.*

　　Money furnished by a landlord to a tenant to make necessary repairs, which the landlord by contract was not bound to make, is an advance to make a crop for which the landlord is entitled to a lien, under the act of April 6, 1885. (Acts 1885, p. 225.)

APPEAL from *Miller* Circuit Court in chancery.

CHARLES E. MITCHEL, Judge.

Weinstein & Kosminsky brought suit against H. F. Smith to foreclose a mortgage upon a crop. T. L. Airey & Co. intervened, claiming a landlord's lien for advances made to Smith. From a judgment disallowing their claim, intervenors have appealed.

*W. H. Arnold* for appellants.

1. Appellants had a lien as landlord for advances to enable their tenant to make a crop. The repairs were just as necessary as any other labor connected with the farm. 51 Ark., 46.

*Scott & Jones* for appellees.

Betterments upon a landlord's land cannot be construed into necessary supplies for the making of a crop. Acts April 16, 1885; 90 N. C., 276. A landlord has no lien for the cost of improving his own plantation, upon a tenant's crop.

HEMINGWAY, J. The appellants let a farm for the year 1889, under a contract that excused them from putting it in repair; while it did not bind the lessee to make repairs, it bound the lessor to advance him as much as $150 for that purpose, and thereby implied that he should make such as he found necessary to the purpose of his tenancy. The lessor advanced $125; that it was used in opening ditches and repairing fences and houses on the demised farm, is not disputed; nor is it alleged that the sum advanced or

*Landlord's lien for advances.*

the work done exceeded what was reasonable and necessary. That such annual work is usually incident to the making of a crop is well known, and it is just as necessary as farming implements or food. There is no reason why the tenant may not rent a farm needing such repairs, and excuse his landlord from making them; if he does so, he can not make the crop without them. We are of opinion that money advanced for that purpose comes within the statute providing for a landlord's lien to secure money advanced by the landlord to the tenant necessary to enable him to make a crop. The court should have declared a landlord's lien for the advance made, prior to the lien of the mortgage by the tenant. The judgment is reversed, and the cause remanded with directions to enter judgment as above indicated.